IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, fka TRAVELERS INDEMNITY COMPANY OF ILLINOIS, | ) ) ) CV-04-176-ST |
| Plaintiff, | ) ) OPINION AND ORDER |
| v. | ) ) |
| STEVEN ALEX MARTELLA, | ) ) |
| Defendant. | ) |

STEWART, Magistrate Judge:

In three cases filed in state court, plaintiff, Travelers Property Casualty Company of America fka Travelers Indemnity Company of Illinois ("Travelers"), assumed the defense of defendant, Steven Alex Martella ("Martella"), under a reservation of rights. Travelers then filed this action seeking declaratory relief as to both its defense and indemnity obligations to Martella in one of the three underlying cases. Martella counterclaimed for a similar declaration in all three underlying state court cases. On June 18, 2004, this court ruled, on cross motions for

1 - OPINION AND ORDER

summary judgment, that Travelers had a duty to defend and denied the motions as premature regarding the duty to indemnify. This court also stayed the remainder of the case pending the outcome of the three underlying cases.

Pursuant to ORS 742.061, Martella now moves this court for an award of attorney fees incurred in defending this action and securing coverage under the insurance policy. ORS 742.061 provides in relevant part as follows:

> [I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

Martella cannot recover attorney fees under this statute. Interpreting ORS 736.325, a predecessor to ORS 752.061, this court concluded that attorney fee awards are not permitted in an action for declaratory relief. involving an insurer's an obligation to defend. *Continental Casualty Co. v. Reinhardt*, 284 F Supp 687 (D Or 1967). "The Court should not, by judicial fiat under the guise of benevolent liberality, give a meaning to the statute which the legislature never intended." *Id* at 688-89. Later the Ninth Circuit ruled that an insured cannot recover attorney fees under ORS 742.061 absent a monetary recovery. *Fireguard Sprinkler Sys., Inc v. Scottsdale Ins. Co.*, 864 F2d 648, 655 (9th Cir 1988), citing *McGraw v. Gwinner*, 282 Or 393, 578 P2d 1250 (1978) (interpreting ORS 742.114, a predecessor to ORS 742.061).

Martella obtained no money judgment against Travelers. The ruling in his favor simply obligated Travelers to continue to defend him. Therefore, an award of attorney fees to Martella is not permitted under ORS 742.961.

In its response to Martella's motion, Travelers submits that each of the three underlying state cases was globally settled. Martella was included in each of the settlements and was released as to all claims. Thus, Martella no longer has any potential obligation to any of the underlying plaintiffs and no potential for indemnity under the policy issued by Travelers. According, the indemnity portion of the case is moot and this case should now be dismissed.

## ORDER

For the reasons stated above, defendant's Motion for Award of Attorney Fees (docket # 32) is DENIED, the stay is lifted, and the remainder of this case is dismissed as moot.

DATED this 14th day of April, 2005.

        s/ Janice M. Stewart_____
        Janice M. Stewart
        United States Magistrate Judge